ANSTEAD, Judge,
concurring specially:
I agree with the majority that the order of May 5, 1978, denying the appellant’s pro se motion for post-conviction relief should be affirmed. However, I believe that one of the issue raised in the appellant’s motion merits comment. That issue involves the competency of counsel. The trial judge noted in his order of May 5:
Paragraph 2 of defendant’s motion is simply to the effect that there were witnesses who could have been called in the defendant’s case. Defendant presented the testimony of numerous witnesses. The fact that he now thinks additional ones might have been called and he lists their names is of no consequence. Facts are not stated in support of the allegation that these witnesses would have even helped.
Subsequently, by counsel, the appellant filed a second motion alleging incompetency of trial counsel and setting out sworn, detailed statements outlining the testimony of the witnesses previously referred to in paragraph 2 of appellant’s original motion. The record shows that a different trial judge denied the second motion on the grounds that the issue had already been decided by the order of May 5, 1978, and advising the appellant that proper recourse on the issue was by appeal of the order of May 5, not by the filing of another motion for post-conviction relief. Then the appellant filed this appeal of the May 5 order.
However circuitous the route may be, I believe the appellant is entitled to an evi-dentiary hearing on his second motion for post-conviction relief. The order denying his second motion is not before us for review. But since that order itself advised the appellant that his proper remedy was *688 by appeal of the May 5 order, I think we would be remiss in not commenting on the entitlement of the appellant to an eviden-tiary hearing on his second motion.